UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| DEREK WILLIAMS, an individual; | ) CASE NO: 2:16-cv-01283 |
| | ) |
| Plaintiff, | ) JUDGE: |
| | ) |
| vs. | ) COMPLAINT FOR VIOLATION OF |
| | ) ERISA SECTION 502(a)(1)(B); |
| | ) |
| METROPOLITAN LIFE INSURANCE | ) [29 USCS 1132(a)(1)(B)] |
| COMPANY, a New York Corporation; and | ) [29 USCS 1132(g)] |
| DOES 1 through 5, inclusive. | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

Plaintiff, Derek Williams, alleges:

## PRELIMINARY ALLEGATIONS

### The Parties

1. The Plaintiff, Derek Williams, is an individual residing in Fayette County, West Virginia. He was an employee of Alpha Natural Resources, LLC and by virtue of said employment he qualified for disability benefits.

2. Plaintiff is informed, believes and thereupon alleges that Defendant, Metropolitan Life Insurance Company, is a corporation existing under the laws of New York and doing business in the Southern District of West Virginia.

3. Plaintiff is informed, believes and thereupon alleges that each of the Defendants and Does 1 through 5, inclusive, are responsible for the events and occurrences referred to herein, as well as the damages alleged.

1

## Jurisdiction and Venue

4. Jurisdiction is conferred on this court by 29 U.S.C. § 1001 et seq. and 29 U.S.C. § 1132(e)(1)(Federal Question). Venue is proper pursuant to 29 U.S.C. § 1132(c) and 28 U.S.C. § 1391(b) in that a substantial part of the errors or omissions giving rise to this claim and the Defendants' breach occurred within the jurisdiction of the United States District Court for the Southern District of West Virginia (Charleston Division).

## Plan Provisions and Actions

5. Alpha Natural Resources, LLC adopted employee benefit plans titled, Alpha Natural Resources, LLC Short Term Disability Plan and Alpha Natural Resources, LLC Long Term Disability Plan. The Plans were at all material times duly organized, existing and qualified plans. A copy of the Long-Term Disability Plan is attached hereto as *Exhibit "A"* and incorporated herein by reference.

6. The Plaintiff was a duly qualified participant in the Plans at all material times hereto.

7. All of the benefits due to the Plaintiff in accordance with the Plans were (and are) vested and non-forfeitable. Plaintiff has duly complied with all of the conditions necessary to receive such benefits.

8. The Plans provide for the payment of disability benefits in the event a Plan participant became disabled as defined by the Plans.

9. Due to Post-Traumatic Stress Disorder ("PTSD") and anxiety and depression, Plaintiff was disabled and ceased working for Alpha Natural Resources, LLC and /or one of its wholly owned subsidiaries on or about August 17, 2012. At that time, he applied for and initially received Short Term Disability ("STD") benefits.

10. Defendant, Metropolitan Life Insurance Company denied Plaintiff additional STD benefits by letter dated June 20, 2013.

11. Plaintiff applied for Long Term Disability ("LTD") benefits, and was denied these benefits by letter dated December 11, 2013 from Defendant, Metropolitan Life Insurance Company.

12. Plaintiff appealed his denial of STD benefits via the undersigned counsel by letter dated December 17, 2013.

13. By letter dated January 23, 2014, Defendant, Metropolitan Life Insurance Company reversed its prior decision denying Plaintiff STD benefits, and paid him the remainder of his STD benefits.

14. Plaintiff's denial of LTD benefits was appealed by the undersigned counsel by letter dated June 5, 2014.

15. According to the terms of the Long-Term Disability Plan, the employee is considered disabled if he or she meets the following definition of disability:

> **Disabled** or **Disability** means that, due to Sickness or as a direct result of accidental injury:
>
> - You are receiving Appropriate Care and Treatment and complying with the requirements of such treatment; and
>
> - You are unable to earn:
>
>   - during the Elimination Period and the next 24 months of Sickness or accidental injury, more than 80% of Your Pre-disability Earnings at Your Occupation from any employer in Your Local Economy; and
>
>   - after such period, more than 60% of your Pre-disability Earnings from any employer in Your Local Economy at any gainful occupation for which You are reasonably qualified taking into account Your training, education and experience.

3

16. Plaintiff's appeal of his denial of LTD benefits was denied once more by letter from Defendant, Metropolitan Life Insurance Company dated July 23, 2014.

17. Plaintiff appealed this denial of his claim for LTD benefits by letter on January 16, 2015.

18. Plaintiff's appeal of his denial of LTD benefits was denied by letter from Defendant, Metropolitan Life Insurance Company dated June 2, 2015.

19. This June 2, 2015 denial constituted a final denial of Plaintiff's claim for LTD benefits, and exhausted his administrative remedies under the Plan. *See* June 2, 2015 denial letter at page 8.

20. The conclusions of the Defendants' review were, and are, contrary to the true condition of the Plaintiff, and:

    a.    The opinions of his treating physicians; and

    b.    his treating psychologists, *See, Exhibit "B"*.

21. Notwithstanding Defendants' review, the Plaintiff is disabled as defined by the LTD Plan and due benefits which the Defendants refuse to pay. Plaintiff brings this action seeking relief for Defendants' violations of various sections of the Employee Retirement Income Security Act of 1974.

22. The Court has de novo authority to review the decision of the Plans.

## CAUSE OF ACTION

**(Violation of Section 502 (a)(1)(B) Against Defendants,**

**Metropolitan Life Insurance Company and DOES 1 through 5, inclusive.)**

23. Plaintiff re-alleges and incorporates by reference, the allegations contained in paragraphs 1 through 22, inclusive.

24. The Plaintiff is due rights and benefits under the terms of the LTD Plan.

25. The Defendant denied the Plaintiff the rights and benefits due under the LTD Plan.

26. The decisions terminating and denying the Plaintiff the rights and benefits due to the Plaintiff under the LTD Plan was arbitrary, illegal, capricious, unreasonable, discriminatory and not made in good faith. The decisions are not supported by substantial evidence and arise from an erroneous application of the Plan and federal law.

27. As a direct and proximate result of the Defendants' actions, the Plaintiff has sustained damages which approximate the amount of benefits payable to the Plaintiff under the terms of the LTD Plan.

28. As a further direct and proximate result of the Defendants' actions, the Plaintiff has incurred, and will incur in the future, attorney's fees and costs in an amount to be proven.

**WHEREFORE**, the Plaintiff prays for judgment against Defendants as follows:

1. Ordering the Defendants to pay to the Plaintiff all benefits due under the Plan;

2. Declaring that all rights and benefits due to the Plaintiff are vested and non-forfeitable or, in the alternative, to award the Plaintiff a money judgment for all sums owed to the Plaintiff;

3. Awarding the Plaintiff prejudgment interest to the date of judgment;

4. Awarding the Plaintiff attorney's fees, court costs and all other reasonable costs incurred; and

5. Granting the Plaintiff such other and further legal and equitable relief as the Court may deem just and proper.

Dated: February 4, 2016

                                    UNDERWOOD LAW OFFICES

By: _____
J. Patrick L. Stephens, WVSB #10262
Counsel for Plaintiff
Derek Williams
923 Third Avenue
Huntington, West Virginia
Telephone: (304) 522-0508
Facsimile: (304) 399-5449